# Wheeling.

MATTHEW HARRISON, EX'R, *vs.* THE FARMERS' BANK OF VIRGINIA.

### January Term, 1870.

The evidence being conflicting in its character, the following instruction was held to have been improperly given to the jury, because it undertook to decide for the jury what facts the evidence proved; *i. e.,* "the evidence showed that the money drawn by John A. Smith, as the agent of the plaintiff's testator, from the second auditor's office in Richmond, Virginia, and deposited by him to the credit of the plaintiff's testator in the Farmers' Bank of Virginia, at Richmond, was presumed to be confederate money, and unless that presumption was rebutted by evidence, and if so, he could not recover in this action."

This was an action of assumpsit brought in the circuit court of Greenbrier county, by Matthew Harrison, executor of Burr W. Harrison, deceased, against the Farmers' Bank of Virginia. The following bill of particulars was filed with the declaration:

"Oct. 7, 1862.  To draft on auditor for interest collected by you, - - - - - $960 00
"Jan. 21, 1863.  To draft on auditor for interest collected by you, - - - - - 960 00
"July 27, 1863.  To draft on auditor for interest collected by you, - - - - - 960 00
                                                          $2,880 00

"Interest from 3d September, 1865."

The defense to the action was presented by two pleas: First, by the plea of non assumpsit generally; and secondly, by a plea to the effect that the several sums of money alleged by the plaintiff in his declaration to be due from the defendant to Burr W. Harrison, and to have been deposi-

394 · COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,     Harrison, ex'r, *vs.* Farmers' Bank of Va.     1870.

ted by him with the defendant, consisted entirely of notes called the treasury notes of the confederate states, an illegal currency issued by the late so-called confederate government to aid in the overthrow of the government of the United States.

Upon the trial of the issues thus presented by these two pleas, the plaintiff proved that his testator had been the owner of 32,000 dollars of stock of the State of Virginia, from February, 1857, up to the time of his death in September, 1865, and that he resided at Leesburg, in the county of Loudon, where different currencies were used, and that he had opposed and voted against the secession movement, and was in no manner identified therewith. That on the 26th of September, 1862, he drew an order to the second auditor, Richmond, Virginia, to "pay to John A. Smith, esq., cashier of the Farmers' Bank, Richmond, Virginia, or to his order, the sum of nine hundred and sixty dollars, dividend due to me on the 1st July last for the preceding six months, on stock of the commonwealth of Virginia." That upon this order, John A. Smith, cashier of the bank, drew the money, and by his letter of October 7th, 1862, he acknowledged the receipt of the order "on auditor of Virginia, for interest which I have collected and placed to your credit. Say nine hundred and sixty dollars. Respectfully, J. A. SMITH, cashier." That on the 1st of January, 1863, Burr W. Harrison drew a similar order in favor of John A. Smith, cashier, for the sum of 960 dollars, dividends due January 1st, 1863, which was received and collected, and the receipt acknowledged by John A. Smith, cashier, by his letter, January 21st, 1863. And that again, on the 10th day of July, 1863, Burr W. Harrison drew a third order on the second auditor in favor of the cashier, for the sum of 960 dollars, dividends due 1st July, 1863, which was received and collected, and the receipt acknowledged by John A. Smith, as cashier, by his letter, July 27th, 1863.

The evidence of Mr. Taylor, for the defendant, was that, he was cashier of the Bank of Virginia in 1862, 1863, and

in 1864. In reply to the question, in what funds did the State of Virginia pay its interest on State stock in July, 1862, and January and July, 1863, he responds: "I think the currency at that time was confederate currency, to the best of my recollection; certainly it was at the last of the three periods." He does not say that the State paid her interest in that way. In response to the question whether confederate currency was not the only funds of which the State was in receipt, and the only funds at its command in which to pay, he says: "I think that was the general currency used by the State at that time."

Mr. Calvert's testimony was: That in 1862, 1863, and 1864, he was treasurer of the commonwealth of Virginia; that his impression was, that early in 1862 the funds were both State and confederate, the latter predominating largely—after the middle of 1862, exclusively in confederate money; that in 1862 there was a considerable amount of State treasury notes paid in, which were used by the State for deposit in the banks to be drawn on. In 1863 the only currency in circulation was confederate treasury notes, and that an act was passed March 22d, 1862, making confederate treasury notes receivable in payment of taxes.

Upon the evidence thus submitted upon the trial, the court instructed the jury, "that the evidence showed that the money drawn by John A. Smith, as the agent of the plaintiff's testator, from the second auditor's office in Richmond, Virginia, and deposited by him to the credit of the plaintiff's testator in the Farmers' Bank of Virginia, at Richmond, was presumed to be confederate money, and unless that presumption was rebutted by evidence, and if so, he could not recover in this action." To this opinion of the court the plaintiff excepted.

Under the ruling of the court there was a verdict for the defendant, and the plaintiff moved the court for a new trial, upon the ground that the verdict of the jury was contrary to the law and the evidence, which motion the court overruled and entered judgment upon the verdict for the defen-

dant; to which ruling and judgment the plaintiff also excepted. The plaintiff brought the case here for review.

Hon. N. Harrison, judge of the circuit court of Greenbrier county, presided on the trial of the case.

*Boggess* for the plaintiff in error.
*Faulkner* for the defendant in error.

MAXWELL, J.   There is but one question in this case to be determined at this time, and that arises on the instruction given by the court to the jury.

The court instructed the jury, that the evidence showed that the money drawn by John A. Smith, as agent of the plaintiff's testator, from the second auditor's office in Richmond, Virginia, and deposited by him to the credit of the plaintiff's testator, in the Farmers' Bank of Virginia, at Richmond, was presumed to be confederate money, and unless that presumption was rebutted by evidence, and if so, he could not recover in this action.

The plea, on which the parties went to trial, was that the consideration consisted entirely of notes called the treasury notes of the confederate states, an illegal currency issued by the late so-called confederate government, to aid in the overthrow of the government of the United States.

The evidence before the jury consisted of depositions, letters, and other evidence somewhat conflicting in its character. The instruction of the court, when this class of evidence was before the jury, undertook to decide for the jury what facts the evidence proved, and was therefore improperly given.

The judgment will have to be reversed with costs, and the case remanded.

The other judges concurred.

JUDGMENT REVERSED.