Christian, J.,
delivered the opinion of the court.
Two questions arise in this case for our consideration. Both depend upon the true construction to be given to the will of the testator, Edward W. Henry.
*198 They arise under the third and fourth clauses of said will, and under the codicil executed several ' months after the date of the will.
In the first clause of his will the testator provides for the payment of his debts. In the second clause he gives to his son, Ed. W. Henry, a tract of land set .out by metes and bounds and certain personal property. Then follow the third and fourth clauses in these words:
“ 3d. I give and bequeath to my daughters, M. R. Lewis, S. J. Armistead, Lucy D. Leighton, Celine Catlett and A. B. Smith, and their heirs, the balance of my landed property, to be equally divided between them; but my daughter Lewis is to be accountable to the rest of my daughters in the sum of $3,500, and my daughter Leighton $5,120, these being the amounts paid for homes for them.
“ 4th. I will and direct that all my household and kitchen furniture, not before willed, silverware, all money in hand and due me, bonds, accounts, and everything which may be due me from any source, crops, and any personal property which may be herein-omitted, shall be equally divided between my son, E.W. Henry, and my five above-named daughters.”
The court is of opinion, that reading these two clauses together, and looking to the general scope of the will, the 'intention of the testator was manifest in making, by the third clause of his will, an equal distribution of the balance of his real estate (after the disposition of that contained in the second clause to his son, Edward W. Henry,) among his daughters. He had in his lifetime advanced to his daughter, Mrs. Lewis, real estate to the value, fixed by himself, of $3,500, and to his daughter, Mrs. Leighton, real estate to the value, also fixed by himself, of the sum of *199 $5,120, these amounts being, as he expresses it in the third clause of his will above quoted, “ the amounts paid for homes for them”
We think it is plain, that the testator disposing of his real estate among his five daughters, and having advanced certain real estate to two of his daughters as homes for them of the value of $8,500 to one, and $5,120 to the other, intended to make the distribution of this real estate equal by requiring his advanced daughters to account in the distribution for the real estate thus advanced at the price fixed by the testator.
We are of opinion that the third clause, thus disposing of his real estate, is entirely independent of, and is not controled by the fourth clause of the will. The latter clause disposes of the residuum of the personal estate, which he directs “shall be divided equally between my son, E. W. Henry, and my five daughters.”
These two clauses are separate and independent. One relates to the disposition of his real estate, the other to that of his personal estate.
The advancements which the testator in his lifetime had made to his daughters were in real estate, “as homes purchased for them.” In disposing of his real estate, he requires an equal .distribution; and in order to make it equal, his advanced daughters are required to account in that distribution. When he comes to dispose of his personal estate in the fourth clause of his will, the objects of his bounty are no longer his daughters alone, but he divides this personal property equally among his son and his five daughters.
We think it is plain, that the testator having separated his bequests in two distinct clauses of his will, one having reference to real estate and the other to personal estate, and the objects of his bounty being different persons (in the one his daughters only, and *200 in the other his son and daughters), it was not his intention to charge the advancements to his two married daughters upon both the real and personal estate devised and bequeathed to them. If he had intended these advancements to be a charge against both real and personal estate, he would not have created this charge by putting it in the third clause of his will, which related to real estate alone, but in a separate item, general in its terms, and without qualification of any sort.
The court is therefore of opinion, that the advancements made by the testator in his lifetime are made by his will a charge only upon the real estate disposed of by the third clause of the will, and are in no manner to be considered in the distribution of the personal estate bequeathed under the fourth clause.
The second and most important question we have to determine arises'under the codicil to the will of the testator, which is in these words:
“codicil.
“If my estate should have to pay the debt, or any part thereof, in the lawsuit brought by Miller’s administrator against Dr. Wm. B. Lewis’ estate, I hereby will and direct that my daughter M. R. Lewis is to forfeit all interest in my estate, and is to inherit nothing more under this my will.”
The record shows that this codicil had reference to a bond for the sum of $195.50, executed by William B. Lewis, the husband of Mrs. M. R. Lewis, payable to George M. T. Miller, with the testator as the surety of said William B. Lewis, dated November 16th, 1858. In the year 1871 suit was instituted on this bond, and *201 judgment in favor of Miller’s administrator against Mrs. Lewis as executrix of her husband. But it does not appear that any judgment was recovered against the surety (the testator), E. W. Henry, or that any suit or other proceeding was ever commenced against him on account of said suretyship.
But it appears that the administrator of Miller, the obligee in this bond, assigned it to the testator and surety, by the following assignment which appears in the record: “ For value received I assign the within bond to E. W. Henry, Sr., without recourse.” Signed, O. E. Miller, administrator of Gr. M. Y. Miller, by W-. W. Henry, attorney.
It further appears that this bond thus assigned to the testator, E. W, Henry, Sr., was found enfolded in his will.
In a bill filed by the executors of E. W. Henry, in the circuit court of Charlotte, the court is asked to construe the third and fourth clauses of the will above referred to, and also to construe the codicil; and the court is asked to say “whether on the facts stated (in the bill) the contingency mentioned in the said codicil has not happened; so that Mrs. M. B. Lewis is denied participation in the estate of her father; no part of the said debt having ever been paid by her or the estate of W. B. Lewis.”
In answer to this bill, Mrs. Lewis, after denying that her failure to pay the debt for which her father was bound as surety, in his lifetime worked a forfeiture of her interest in his estate under his will and codicil, produced in court and made then and there with the filing of her answer, a tender of the whole amount, principal, interest and costs, of the judgment against her husband, for which her father, the testator, was bound as surety, to Miller’s administrator.
*202 The circuit court decreed “that by the codicil annexed to his will the testator provided for a forfeiture ' of the portion of the estate willed to his daughter Lewis upon the happening of a certain event, which actually occurred in the lifetime of the testator; and upon the happening of which she ceased to have any interest in the estate of the testator beyond the advancements to her by the testator in his lifetime; and the portion which had been willed to her passed to the other children mentioned in the third and fourth clauses; and there is no intestacy thereof.” The court is of opinion that the decree of the circuit court is erroneous.
The condition imposed by the codicil is plainly a condition subsequent. The distinction between conditions precedent and conditions subsequent is well marked and clearly defined by the authorities. The former are such as must generally happen or be performed before the legacy can vest. The latter are such as by non-performance, or breach of them, will in most instances defeat the legacy already vested. 1 Roper on Legacies 501. In other words, in the former-the performance of the condition is required before the estate can vest; in the latter the failure to perform the condition will divest the estate. 2 Redfield on the Law of Wills 283; 2 Jarman, Ed. 1861-2.
In the case before us, the testator, by his will, devised a certain part of his real estate to his daughter. By his codicil, executed six months afterwards, he declares, “If my estate have to pay the debt, or any part, thereof, in the lawsuit brought by Miller’s administrator against Dr. W. B. Lewis’ estate, I hereby will and direct that my daughter M. R. Lewis is to forfeit all-interest in my estate, and is to inherit nothing more-under this my will.”
The condition here imposed is by its very terms a *203 condition subsequent. By it Mrs. Lewis was to forfeit all interest in the testator’s estate if the condition was not performed. In other words, she was to forfeit, or be divested of all interest she had acquired under the will if the condition of the codicil was not complied with.
Nothing is better settled than that in conditions subsequent, since they are in defeasance of interests already vested, courts of law and courts of equity are strict in requiring the very event, or the act to be done, with all its particulars, which is to defeat the interest previously vested. Roper on Legacies, 513,514, and cases there cited. As was said by Lord Alvanly, 5 Vesey’s R. 209, “where there are clear words of gift, creating a vested interest, the court will never permit the absolute gift to be defeated, unless it be perfectly clear that the very case has happened in which it is declared that the interest shall not arise.”
Now the condition imposed by the codicil is, “If my estate have to pay the debt,” &c. Before there can be a forfeiture, the very event, to wit, the payment of the debt, for which the testator was bound, by his estate must happen. This never happened. Sis estate never paid one dollar of the debt. It was paid, principal,' interest and costs, by Mrs. Lewis.
The fact that the debt was assigned to the testator, and filed by him in his will, has no significance, except to show that he intended that his estate should not be called on for payment, except on the condition of the forfeiture by Mrs. Lewis of her interest, provided for her and vested in her under his will. As long as-he lived he had the control of the debt.. If he had chosen to do so, he could have made its payment a. condition precedent to his daughters taking any part of his estate, or, because of non-payment by her, have *204 cut her off from all participation in his estate. But he did not choose to do this; hut taking an assignment of the debt to himself, he did not change his will, by which he made Mrs. Lewis an equal beneficiary with his other daughters, but filed the bond with the will and codicil, in which he declared, 11 If my estate have to pay the debt, &c., then his daughter, Mrs. Leewis, should forfeit her interest in his property devised to her. His estate has never paid the debt. The event has never happened. The contingency has never arisen. A court of equity, always slow to enforce a forfeiture, will surely be quick to prevent it when there has not only been a substantial, but, as in this case, literal compliance with the condition imposed. That condition it is manifest was a condition subsequent, made in terrorem to secure the payment of the debt for which the testator was bound as surety.
The court is therefore of opinion that the decree of the circuit court of Charlotte is erroneous, and that the same be reversed.
The decree was as follows:
• The court is of opinion, for reasons stated in writing and filed with the record, that the decree of the circuit court is erroneous: First, in holding that the advancements made by the testator to his daughters, M. R. Lewis and Lucy D. Leighton, was a charge upon both the personal and real estate devised and bequeathed to his said daughters in the third and fourth clauses of his will. Second, in declaring that under the codicil to said will the appellant, Mrs. M. R. Lewis, had forfeited her interest under the will, because of the non-payment by her in the lifetime of the testator of the debt of her husband William B. Lewis for *205 which the testator was bound as surety. It is therefore decreed and ordered, that for these errors the said decree of the said circuit court be reversed and an- ■ nulled, (but in all other respects be affirmed); and the appellant being the party substantially prevailing in this court, it is further decreed and ordered, that she recover of the appellees, Edward W. Henry, Jr., and JameB S. Buster, executor of Edward W. Henry, deceased, and of Edward W. Henry, Jr., in his own right, her costs by her expended in the prosecution of her appeal here.
And this court now proceeding to enter such decree as the said circuit court ought to have entered, it is ordered, adjudged and decreed, that under the true construction to be given to the will of the testator, Edward W. Henry, the advancements made in his lifetime to his daughters, M. E. Lewis and Lucy D. Leighton, are only to be considered in the distribution of the real estate devised to his five daughters, and that the personal estate bequeathed under the fourth clause of said will to his son and five daughters should be equally divided between them without reference to the advancements made to his two daughters, M. E. Lewis and Lucy D. Leighton, mentioned in the third clause of the will.
And it is further adjudged, ordered and decreed, that by the codicil to his will the appellant, Mrs. M. E. Lewis, did'not forfeit her interest in the testator’s estate because the debt of "William B. Lewis for which the testator was bound as surety was not paid by her in the lifetime of the testator; that the condition imposed by the will was a condition subsequent, which was fully performed by her in the payment into court of the principal, interest and costs of said debt. And this performance on her part entitles her to a full par *206 ticipation in the division of the estate of her father, according to the terms of the will.
It is therefore decreed and ordered, that the decree of the said circuit court, to the extent in which it is herein declared to be erroneous, he and the same is hereby reversed and annulled; and that the cause be remanded to the said circuit court, to be further proceeded in in accordance with the principles herein declared.
Decree reversed.