Burks, J.
This is a writ of error to a judgment of the circuit court of Botetourt county, rendered on the verdict of a jury for two thousand dollars in an action for •damages.
The action was case, and the only issue was on a plea of “not guilty.” The declaration contained five counts. The first count was for alleged slanderous words, the second for insulting words under the statute, the third for libel, the fourth for malicious prosecution, and the fifth for false imprisonment. The defendant demurred generally to the declaration and to each count. The court overruled the demurrer to the declaration as a whole, and to the first, fourth and fifth counts, and sustained it as to the second and third counts. This ruling (except as to1 the second and third counts) is assigned as error.
The fifth count is in form trespass vi et armis. The other counts are in case. At common law, this would *have been a misjoinder of causes of action, and a defect fatal on demurrer. But our statute provides, that “in any case in which an action of trespass will lie, there may be maintained an action of trespass on the case.” Code of 1873, ch. 145, § 6. This section of the statute has been construed by this court as intended to remove the difficulties at common law growing out of the nice distinctions between the cases in which trespass was the proper action and those in which the remedy was case, and as abolishing, in effect, the distinctidn between these different causes of action in a declaration in case. Pearsons v. Harper, 16 Graft. 64.
In this .suit, the writ and declaration are in case. The joinder, therefore, of the count in trespass with the counts in case, was admissible under the statute. The declaration as a whole is sufficient in law, and the demurrer to it was properly overruled.
The first count, reciting the usual formal colloquium, and without any special aver-ments, alleges that the defendant falsely and maliciously spoke and published of and concerning the plaintiff, the false, malicious, and defamatory words following, to-wit: “Margaret Circle (the plaintiff) and Charles Circle (her brother) attempted to bribe Hannah Scott (a negro woman) to burn the wheat now stacked on my (defendant’s) land.”
Words spoken, as distinguished from words written, which are actionable at common law, have been classified as follows: 1. Words falsely spoken of a person, which impute to him the commission of some criminal of-fence involving moral turpitude, for which, if the charge is true, he may be indicted and punished. 2. Words falsely spoken of a person, which impute that he is infected with some contagious disease, which, if the charge is true, would exclude him from society. 3. Defamatory words falsely spoken of a person, which impute to him unfitness *to perform the duties of an office or employment of profit, or the want of integrity in the discharge of the duties of such an office or employment. 4. Defamatory words falsely spoken of a person, which prejudice such person in his or her profession or trade. 5. Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion such person special damage. Pollard v. Lyon, 91 U. S. R. (1 Otto), 225.
The words, as laid in the first count, do not answer the description of defamatory words in either the second, third, fourth or fifth class just mentioned. If they are *401 actionable in the form alleged, it must be because they belong to the first class, and per se impute a criminal offence of moral turpitude, indictable and punishable under the law.
The malicious burning of “a stack of wheat, or other grain, or of fodder, straw or hay,” is a felony under our statute. Code of 1873, ch. 188, § 5.
To solicit another to commit a felony, although the felony be not afterwards committed, is a misdemeanor at common law, indictable and punishable. The King v. Higgins, 2 East. R. 5; King v. Phillips, 6 East. R. 464; Davis Crim. Law, 371. Whether such solicitation would be an “attempt” within the meaning of the statute, Code of 1873, ch. 195, § 10, need not be decided in this case.
Giving to the words laid in this count their ordinary meaning, as is proper in such cases (Coleman v. Godwin, 3 Doug. R. 90; Woolnoth v. Meadows, 5 East. R. 463), I do not doubt that they are actionable per se at common law. The words, “attempted to bribe,” as alleged, imply a promise or offer of reward, importing, at the least, a solicitation; and connected with the other words laid, they impute a criminal of-fence, indictable and punishable *under the laws of this state. The moral turpitude of such an offence, none will question, j :
The demurrer to this count was properly overruled. And so, I think, there was no error committed in overruling the several separate demurrers to the fourth and fifth counts.
The fourth count sets out a case of malicious prosecution. To be sufficient in law, such count should allege: 1st. The prosecution in its particulars. 2d. That it was set on foot, instigated, or procured by the defendant. 3d. That it had terminated favorably to the plaintiff. 4th. That it was without probable cause. 5th. That it was malicious. Scott & Boyd v. Shelor, lately decided by this court at Wytheville, and not yet regularly reported. (Published in the Virginia Law Journal September, 1877, vol. I, No. 9, p. 539, et seq.) 28 Gratt. 891.
The objection urged on the demurrer to this count, is, that although want of probable cause is alleged for the complaint and proceedings in said count mentioned, yet that the judgment of the justice of the peace’therein referred to, although reversed and annulled, shows of itself the existence of probable cause, and that the count therefore shows no sufficient cause of action. The answer to this objection will be found in what will be said in disposing of the exception taken to the refusal of the court to give the first instruction to the jury asked for by the plaintiff in error.
The fifth count is from the precedent to be found in 4 Rob. Prac. 580-581’, copied by the author from 70 Eng. C. L-, and pronounced by Wilde, C. J., as in the ordinary form.
After pleading the general issue, the defendant tendered a special plea to the fifth count of the declaration, which was rejected by the court upon the ground that it amounted to the general issue. I think it was properly ^rejected. The count is for an illegal forcible arrest and imprisonment. The plea specially denies such arrest and imprisonment, and is so far, it would seem, in effect, a plea of “not guilty;” but it further proceeds to set out all the proceedings before the justice, as it were by way of confession and avoidance, and concludes thus: “And so the said defendant says, that the said arrest and imprisonment complained of in said fifth count of said declaration was made in the course of a judicial proceeding and upon probable cause,” &c. The plea is incongruous 'and othewise fatally defective.
In the course of the trial, the defendant-filed several bills of exceptions to the rulings of the court on the admission and rejection of evidence, but 1 do not perceive that any error was committed in the rulings.
j The special constable charged with the arrest of the plaintiff and her brother under the warrant issued by the justice of the peace, being examined as a witness by the plaintiff, testified that on Sunday, the 16th of July, the day on which the warrant was issued and placed in his hands for service, he went to the house of the plaintiff, read the warrant to her, and without then taking her into cus- : tody, requested her to attend before the justice on the next day (Monday). On cross-examination, the defendant’s counsel propounded to him the following questions: “Why did you not arrest them on Sunday evening? Was it not in consequence of instructions from Captain Douthat, the justice of the peace, when he gave you the warrant?” The court refused to allow the questions to be answered. I do not see how the answers, either one way or the other, could have been relevant. The warrant was the constable’s only authority to make the arrest. The fact of the arrest was one of the facts in issue, but whatever instructions, if any, the constable received from *the justice, they could not show or tend to show, whether or not the arrest was actually made.
The plaintiff was permitted, against the objection--of the defendant interposed, to1 give in evidence to the jury certified abstracts from the books containing the returns of the assessment for taxation of the lands and personal property belonging_ to the defendant in the year 1876. The objection to this evidence was not to the form of the abstracts, or that they did not truly state what they purported. The purpose of introducing it, as avowed by the plaintiff’s counsel, when it was offered, was to show the wealth and influence of the defendant in the community. I think it was competent for that purpose. Damages in such cases as this are assessed, not according to the ability of the defendant to pay, but according to the injury by the plaintiff sustained. The inquiry for the jury is not what the defendant can pay, but what the plaintiff ought to receive. So far, then, as the defendant’s rank and influence in society, and therefore the extent of the injury are increased by his -wealth, *402 evidence of the fact is pertinent to the issue. 2 Greenleaf Ev. § 269; 3 Phil. Ev. (5th Amer. ed.) side p. 573, note 6.
The court very properly refused to permit the witness, Walkup, to answer the questions propounded to him by the defendant’s counsel in the form in which they were put. Threats, if any made by John S. Circle, even if communicated to the defenda.nt, were res inter alios actae. The court, however, stated that if the counsel would confine the question to the plaintiff and her brother Charles, the question, thus limited, might be asked and answered; but it does not appear that the question thus modified was ever asked.
Evidence of the fact that the defendant kept watch over his wheat, if he did keep such watch, after he received such information from Sallie Ailstock, that the plaintiff *and her brother Charles had attempted to bribe Hannah Scott to burn the wheat, was not competent. The proof was,, that as soon as the defendant received the information from Sallie Ailstock, the warrant for the arrest of the plaintiff and her brother was issued. The acts of the defendant could not be introduced as evidence in his own behalf any more than could his declarations, especially post litem motam. They were not offered, and did 'not come, under the rule res gestae. There was no error therefore in the refusal of the court to permit the witness, James Ryalls, to answer the question propounded to him by the defendant’s counsel.
Nor did the court err in the refusal to.permit George M. Carper to answer the question put to him. Carper was introduced by the defendant to rebut the testimony of Charles ¡3. Circle. Circle’s testimony was excluded by the court without objection on the part of the plaintiff, who had introduced him, and therefore Carper’s answer would have been immaterial and irrelevant.
The defendant’s counsel asked for three instructions to the jury, all of which were refused by the court, and he excepted.
The first instruction was in these words: “If the jury shall be satisfied from the evidence, that Sallie Ailstock gave information to the defendant, William W. Womack, that Margaret Circle and Charles Circle had attempted to bribe Hannah Scott to burn defendant’s wheat stacks, and that defendant, believing said information to be true, went before Henry C. Douthat, a justice of the peace in the county of Botetourt, .and made complaint that'the plaintiff and her brother, Charles S. Circle, did attempt to bribe said Hannah Scott to burn his wheat; and if the jury shall furthermore be satisfied that said Henry C. Douthat, justice of the peace, caused said plaintiff and witnesses to be brought before him *and examined into- the truth of said complaint, and upon such examination decided that said plaintiff, Margaret Circle, was- guilty as charged, and required her on account thereof to enter into a bondrorTecognizance for her good behavior, this constitutes sufficient proof of probable cause for the • proceeding of the defendant, and the jury cannot find a verdict for the plaintiff on account of said complaint on oath before Henry C. Dou-that, justice of the peace, or on account of the arrest or imprisonment of the plaintiff in pursuance thereof, even though they should ■ find that the complaint Was subsequently dismissed .by the county court, the plaintiff acquitted, and the said bond or recognizance quashed by said court, unless the jury shall be satisfied by the evidence that William W. Womack, the defendant, knew the testimony before the justice to be false.”
Of the several definitions of probable cause given in the opinion delivered in the recent case of Scott & Boyd v. Shelor, supra, that which was approved as supported by the greatest weight of authority, is in these words: “Probable cause is the existence oí such facts and circumstances as would excite the belief in’a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.”
The question of probable cause is a mixed proposition of law and fact. The existence of the facts and circumstances is a question of fact for the jury; their suffic'ency, a question of law for the court. It was so held by Eord Mansfield and Lord Loughborough in the celebrated case of Johnstone v. Sutton, 1 Term R. 510, a decision in the exchequer chamber, affirmed in the house of lords; and since that case, the decisions of the courts have been generally to the same effect. Indeed, it is *said it is now universally agreed that such is the settled rule.
The case of Crabtree v. Horton, 4 Munf. 59, is not at all in conflict with the rule. There the court below had decided that the exidence proved probable case. This court held the decision to be erroneous, because the facts were not left to be deduced by the jury.
The purport of the instruction under consideration is not very clear, but as I understand it, it informs the jury that if they believe the facts therein hypothetically stated, then that the decision of the justice was conclusive evidence of probable cause for the defendant’s complaint and the proceeding thereon. I say conclusive, because they are directed not to find a verdict for the plaintiff, although they should find that the complainant was subsequently dismissed by the county court, the plaintiff acquitted, &c. t
The instruction does not declare that the information therein referred to, if received and believed, alone constituted probable cause for the complaint, but it seems to have been intended to give to the decision of the justice a conclusive effect as evidence of the existence of probable cause.
So understanding the instruction, I think it. was properly refused.
The complaint in this case and the proceedings thereon were evidently made and had under chapter 196 of the Code of 3 873, sections 2, 3, 4, 5, 6. The justice held that there was. good cause for the complaint, and gave judgment that the plaintiff should *403 enter into recognizance to keep the peace and be of good behavior, and upon failure to give the recognizance, should be committed to jail. The recognizance was given and an appeal taken to the county court. Oil the appeal, the judgment oí *the justice was reversed and annulled, the recognizance quashed, and the complaint dismissed.
It may be conceded, that a final judgment of conviction by a judicial tribunal having jurisdiction, in full force, would be conclusive evidence of the existence of probable cause for the prosecution in which such judgment was rendered, and that a judgment of a justice of the peace, such as was rendered in this case, based presumptively upon the conclusion. required by the law, that “there was good cause for the complaint upon which it was rendered, would, if left in full force, be entitled to the same weight as evidence; but it by no means follows that such an effect should be attributed to a judgment which, in due course of law, has been appealed from, reviewed, wholly reversed and anulled by an appellate court. In such case, the first judgment has been authoritatively pronounced to be erroneous. It is a nullity; and while it may still be regarded as furnishing some evidence, perhaps prima facie, of probable cause for the proceeding in which it was rendered, from the nature of the case and upon principle, as it seems to me, it can have no conclusive operation as evidence of such probable cause. The authorities are conflicting, and as we have no decision of this court upon the question, I feel free to form my own judgment in the matter.
In an English work of merit it is said: “A conviction of the plaintiff by a magistrate, so long as it has not been reversed on appeal, affords a conclusive answer to the charge that the complaint or information was founded in malice, and was preferred without reasonable or probable cause.” 2 Add. on Torts (4th Eng. ed.) 750. It would seem to be plainly implied, that if “reversed on appeal,” the judgment would not be a conclusive answer. See further same book, pp. 754, 755.
*In Massachusetts it has been held that a judgment of conviction by a justice of the peace, is conclusive evidence, although, on appeal, the judgment has been reversed, (Whitney v. Peclcham, 15 Mass. R. 243), while in Connecticut it seems to have been held that such judgment is not conclusive, although, if the trial was fair and full, entitled to great consideration. Goodrich v. Warner, 21 Conn. R. 432, cited in t Hilliard on Torts, 480.
These were cases, it will be observed, in which the magistrate had jurisdiction to try and convict for petty offences. In the case under consideration, the justice had no such jurisdiction, and he exercised none such.
There was no trial and no conviction in a strict sense. His judgment was only the exercise of a protective and preventive justice. The complaint, however, on which the judgment was based, if malicious and without probable cause, furnished good cause of action. Erom what has been said in passing upon the demurrer to the first count in the declaration, it will be seen that the complaint of the defendant preferred to the justice,, charged the plaintiff with a substantive of-fence, a solicitation to commit a felony. Eor this offence, the plaintiff might have been indicted and tried, and instead of merely requiring the plaintiff to give recognizance for her good behavior, with a view of preventing the commission of the alleged threatened felony, the justice, if he thought there was sufficient cause for charging her with the of-fence of soliciting another to commit a felony, might have recognized her, and in default of recognizance, have committed her to answer for that offence at the next term of the county court of Botetourt. Code of 1873, ch. 199, § 15. If the justice had pursued this course, as he might have done, upon the trial for *the offence she had been acquitted, certainly the judicial action of the justice would have been only prima facie evidence of probable cause for the complaint, Maddox v. Jackson, 4 Munf. 462. No greater weight, it seems to me, should be given to the judgment which was rendered and afterwards reversed. The justice held that there was good cause for the complaint, the county court, on appeal, decided that there was not good cause for the complaint, reversed the judgment and dismissed the complaint. To give to such reversed judgment the conclusive effect claimed for it, would be extending the doctrine of legal presumptions much farther than I am willing to go.
The instruction as asked for was, T think, erroneous, and was properly refused. But the court should not have contented itself with a mere refusal to give the instruction. It is susceptible of several constructions, and .the refusal to give it tended to mislead the jury. The court should have so modified it. as to inform the jury that the judgment of the justice, under the circumstances stated in the instruction, although reversed by the county court, was prima facie evidence of probable cause, and consequently that the presumption arising from it might be repelled by other evidence; and thus modified, the instruction should have been given. Pcshine v. Shepperson, 17 Gratt. 472; Ward v. Churn, 18 Gratt. 801.
The discussion of the second instruction is unnecessariy after what has been said of the first. Tt was properly refused.
The fault in the third instruction lies in making confinement in jail or other place, or actual seizure of the person, necessary to a verdict for the plaintiff under the fifth count in the declaration.
Actual contract is not necessary to constitute arrest or imprisonment. False imprisonment is the unlawful *restraint of a person contrary to his will, either with or without process of law. 1 Hilliard on Torts, 208.
There was evidence in the case tending to show that on the day after the warrant was issued, if not before, the plaintiff was in the power and custody of the constable under the warrant in his hands. The warrant com *404 manded the arrest, and the constable endorsed, as his return upon it, “executed.” No error was committed in refusing this instruction.
After the court had refused to give the several specific instructions, which have been considered, the counsel of the defendant then asked the court to “instruct the jury generally upon the law of the case,” which the court refused to do, remarking that “it would leave the case to the jury upon the discussion of the law by the counsel;” to which refusal of the court so to instruct the jury the defendant by his counsel excepted.
It has not been the practice in Virginia, as in England, for the courts to charge the jury upon the law of the case, and it is not error to refuse to give such charge, or to refuse to instruct generally upon the law of the case. If either party desire any specific instruction to be given, he has the right to ask it, and the court is hound to give it, provided it expounds the law correctly upon any evidence before the jury. A party cannot, by asking for an erroneous instruction, or, as I apprehend, by asking for a general instruction, devolve upon the court the duty of charging the jury on the law of the case. See Rosenbaums v. Weeden, Johnson & Co., 18 Grat. 785, 799. As before stated, if the refusal of an erroneous instruction asked for tends to mislead the jury, a proper instruction should be given in its stead, and it would be error not to give it.
The remark of the judge that “he would leave the case to the jury upon the discussion of the law by the counsel,” *does not appear to have been addressed to the jury, and although it is embodied in the bill of exceptions, it is not therein made a ground of objection. The exception is only to the refusal of the court to instruct. The remark, no doubt, was addressed to counsel, and was so understood.
I am of opinion, that for the error of the court in not giving the first instruction asked for by the defendant, modified as hereinbefore indicated, the judgment of the circuit court should be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.
As there must be a new trial, it is unnecessary, and would be improper for me to express any opinion upon the questions raised by the defendant’s eighth bill of exceptions taken to the refusal of the court to sel aside the verdict of the jury, on the ground that it was contrary to the law and the evidence, and that the damages allowed by the jury were excessive.
.The judges were divided upon the question as to the weight which should be given to the judgment of the justice of the peace. Moncure, P., and Christian, J., were of opinion that the judgment, although reversed upon appeal, was conclusive evidence of probable cause for the complainant, and that the defendant’s first instruction should have been given as asked for. Staples, J., concurred with Burks, J., that the reversed judgment was only prima facie evidence of probable cause, and that the instruction was properly refused; but that the court erred in not giving a proper instruction in place of the one refused.
In all other respects the opinion of Burks, J., was concurred in by all of the other judges.
*The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in its ruling upon the first instruction prayed by the defendant to be given the jury on the trial of the issue in this cause, which instruction is set out in the defendant’s second bill of exceptions and noted therein as “No. 1;” two of the judges of this court being of opinion that the said instruction as asked for was not erroneous, and should have been given to the jury as asked for, and the other two judges being of opinion that said instructions as asked for was erroneous, and was properly refused; but that said circuit court erred in not modifying said instruction so as to inform the jury that the judgment of the justice of the peace referred to in said instruction, under the circumstances 'therein stated, although reversed by the county court of Botetourt county, was prima facie evidence, and only prima facie evidence of probable cause for the complaint therein mentioned and the proceedings thereon, and that the presumption of probable cause raised by said judgment might be repelled by other evidence; and that said circuit court further erred in not giving said instruction, so modified, to the jury.
And the court is further of opinion, that there is no other error in said judgment, or in the rulings of said circuit court, complained of in this cause.
It is therefore considered that the said judgment be reversed and annulled, the verdict of the jury set aside, and a new trial be had by a jury in the said circuit court of the issue joined by the parties in this cause, and that *the plaintiff in error recovered against the defendant in error his cost by him expended in the prosecution of his writ of error aforesaid here.
And this cause is remanded to the said circuit court for further proceedings to be had therein in conformity with the opinion and principles herein expressed and declared; which is ordered to be forthwith certified to the said circuit court of Botetourt county.
Judgment reversed.
UVSIRUCTIOIVS.
I. In General.
II. Province of Court and Jury.
a. Questions of Law for the Court.
1. Criminal Cases.
b. Questions of Fact for the Jury.
c. Invasion of the Province of the Jury.
1. By Instructing as to Sufficiency or Weight of
Evidence.
2. By Instructing as to Credibility of Witnesses.
*405 3. Remarks of Court on the Weight, etc., of Evi dence.
4. West Virginia Rule.
5. Instances That Do Not Amount to an Invasion.
d. Construction of Written Instruments.
e. Assumption of Facts in Issue.
ill. Elements and Style.
a. Object and Office.
b. Must Be Limited to the Pleadings.
c. Must Be Limited to the Evidence.
1. West Virginia Cases.
d. Singling out Portions of the Evidence.
e. Must Not Be Ambiguous.
f. Must Be Consistent.
g. Must Not Be Contradictory.
h. Must Not Be Indefinite.
i. Must Not Be Obscure.
j. Must Not Deal in Abstract Questions.
k. Should be Taken as a Whole.
IV. Requesting Instructions.
a. In General; Duty of Court to Give.
b. Weakness of Evidence No Ground for Refusal.
1. Contra.
c. Absence of Request.
1. No Error to Instruct on Its Own Motion.
2. Not Obliged to, unless Requested.
d. Refusal to Instruct Generally.
e. Requesting Erroneous Instructions; Effect.
1. Must Modify if Refusal Would Mislead Jury.
2. Instances Where Court Properly Refused to Modify.
3. Equivocal Instructions — Court Should Modify.
f. When and Where to Be Given — Instances.
g. Instructions Correct in Themselves Should Be
Given as Asked.
h. Substituting Instiuctions Asked for.
i. Requesting Instructions on Points Already Covered
V. Effect of Erroneous Instructions.
a. Policy of Virginia Court.
b. Rule Stated and Cases Cited.
c. Will Effect Reversal.
d. West Virginia Rule.
e. Misstating Punishment.
f. Rule Stated.
VI. Practice.
a. Counsel Arguing Instructions Wrongly.
b. Arguing against Instructions.
c. As to Special Verdict.
d. Admitting Existence of Evidence.
e. As to Marked Lines.
f. Correct Instructions Never Work Surprise.
g. Reading Section of Code.
h. Should Specify Points.
i. Refusal Not Justified — -Instance.
j. Court Not Bound to Reduce Oral Instructions to Writing; Jury Having Retired.
k. How and When, Dissatisfied Party Should Execept
l. Remedy of Court When Jury Disregards Instruction.
VII. On Appeal.
a. Must Appear on the Record.
b. Objection Cannot Be First Made in Appellate Court
c. Instruction Not Appearing in Record, Presumed to Be Correct.
d. Bill of Exceptions Must Set Out Sufficient Matter
e. Will Presume Jury Followed.
f. Will Not Consider Erroneous Instructions Given at Appellant’s Instance.
g. Instances.
VIII. At Second Trial.
I. IN GENERAL.
All instructions arc the instructions of the court, regardless at whose instance tney are given. Gray’s Case, 92 Va. 772.
It is well settled that a party has a right to a full and correct statement by the court of the law applicable to the evidence in his case, and that any misdirection by the court, in point of law, on matters material to the issue, is ground for a new trial. Honesty’s Case, 81 Va. 295, citing Rea v. Trotter, 26 viratt. 585.
II. PROVINCE OF COURT AND JURY,
a. Questions of Law for the Court.— Questions of law are for the court alone, and an instruction which makes the jury judges of a question of law is erroneous. Keen’s Ex’or v. Monroe, 75 Va. 424.
I. Criminal Cases. — Juries are not judges of the law in criminal cases, and the couit will properly refuse an instruction to that effect. Brown v. Commonwealth, 86 Va. 466, disapproving dicta in the early case of Doss v. Commonwealth, 1 Gratt. 557. In Brown v. Commonwealth, 86 Va. 466, Lewis, P., delivered the opinion of the court on this question as follows: “The prisoner also moved the court to instruct the jury that they were the judges of the law as well as the facts, but the court refused to give the instruction, and the prisoner excepted.
“We think the instruction was rightly refused. Although authorities may be found in support of the doctrine contended for by the prisoner (for at one time it was a popular one), it is not founded in principle. There is no doubt that in criminal cases the jury have the power to find a verdict of acquittal in direct opposition to the opinion of the court upon the law, and their verdict will be forever binding. But this is not because they have the right to judge of the law in opposition to the opinion of the court, but because the law in its humanity does not permit a person charged with crime to be twice tried for the same offense, or rather does not permit a verdict of acquittal in a criminal case to be set aside. Hence, if the power to find a verdict of acquittal in a criminal case is improperly exercised, the error is, in general, irremediable.
“In other words, the jury have the physical power to disregard the law as laid down by the court, but not the moral right to do so. It is, indeed, a maxim of the law, almost coeval with the institution of juries, that it is the office of the judge to respond as to the law, and the jury as to the facts, and few rules are more essential in the administration of justice.
“Lord Manseieed in a case before him declared that the doctrine that the jury were the judges of the law, was contrary not only to the fundamental principles constituting trials by jury, but tc reason and fitness, and that he was glad he was not bound to subscribe to such an absurdity. And to the same effect is the great preponderance of judicial authority in this country at the present day.”
If the prisoner’s counsel, in a criminal case, asks the opinion of the court and an instruction to the jury on a point of law, and the court rules the point against the prisoner, his counsel shall not be allowed to controvert the correctness of the court’s opinion *406 on such point, before the jury. Davenport v. The Commonwealth, 1 Leigh 588.
T>. Questions of.Fact for the Jury. — Juries are judges of the facts of a case, and an instruction which in any way invades the province of the jury in this respect, is erroneous, and ground for reversal. Ross v. Gill, 1 Wash. 88; Wroe v. Washington, 1 Wash. 357; Martin v. Stover, 2 Call 514; Crabtree v. Horton, 4 Munf. 59; Gwatkin’s Case, 9 Leigh 678; Dickinson v. Dickinson, 25 Gratt. 321; Cornett v. Rhudy, 80 Va. 710; McDowell v. Crawford, 11 Gratt. 402; Baring v. Reeder, 1 Hen. & M. 174; Moore v. Chapman, 3 Hen. & M. 266; Whitacre v. M'Ilhaney, 4 Munf. 310; McRae v. Scott, 4 Rand. 463; Davis v. Miller, 14 Gratt. 1; Hopkins v. Richardson, 9 Gratt. 485; Tyler v. C. & O. R. R. Co., 88 Va. 389; McKinley v. Berry et als., 2 Gratt. 333.
It is error in the court to instruct the jury, ‘That the defendant was a fair purchaser for a valuable consideration,” that being a question which ought to have been left to the jury upon the evidence. Fowler v. Lee, 4 Munf. 373.
e. Invasion of Province of Jury. — Says the court in Richmond & Danville R. R. Co. v. Noell et als., 86 Va. 19, “It is a fundamental maxim that the court responds to questions of law, and the jury to questions of fact. The court must decide on the admissibility of evidence, that being a question of law; but not as to its weight after it is admitted, that being a question of fact; and the decided cases, says Mr. Conway Robinson, evince a zealous care to watch over and protect the legitimate powers of a jury. They show that the court must be very careful not to overstep the line which separates law from fact. They establish the doctrine that when the evidence is parol any opinion as to the weight, effect, or sufficiency of the evidence submitted to the jury, any assumption of a fact as proved, will be an invasion of the province of the jury.”
1. By Instructing- as to the Sufficiency or "Weis:ht of Evidence. — “For making observations or instructions to the jury as to the weight to be given by them to any part of the testimony or the whole evidence the cause may be reversed and a new trial granted.” Tyler v. C. & O. R. R. Co., 88 Va. 389, citing Davis v. Miller, 18 Gratt. 1; Hopkins v. Richardson, 9 Gratt. 486. In Tyler v. C. & O. R. R. Co., supra, it was held that it was an invasion of the province of the jury and therefore error, for the lower court to give the following instruction. “The court, being of opinion that it could be fairly inferred from the testimony that plaintiff was either a passenger or an employee of the company, and that it was fairly inferrable that he was aware of the rules of the company prohibiting persons from riding on the hand-cars.”
In Fisher v. Duncan et al., 1 Hen. & M. 563, the opinion of the court was, “That the county court erred in instructing the jury, that, ‘from the whole testimony before them the demand of the appellees was barred by the act of limitations;’ as the sufficiency of the evidence ought to have been left wholly to the consideration of the jury.”
The court has no right to instruct the jury as to the weight of evidence, this being a subject proper only for the decision of that body. Keel v. Herbert, 1 Wash. 203.
2. By Instructing- as to Credibility of "Witnesses. — The jury is the sole judge of the credibility of witnesses, and it is error for the court to invade their province in this respect. Hash’s Case, 88 Va. 172, 200.
&. Remarks of Court on the Weight, etc., of Evidence. — “No remarks which have a tendency to intimate the bias of the court on the character or weight of the testimony should be indulged in.” Dejarnette’s Case, 75 Va. 867.
The essential feature of an instruction must be that it relates to the law alone and not to the facts; and although it is always proper to base an instruction upon a hypothetical condition of facts, provided there be any evidence before the jury in any way tending to prove them, yet any frame of an instruction which tends to elicit an opinion, or the intimation of an opinion, as to the truth of matters in issue, is wholly improper, and error for which the proceedings must be set aside. Barton's Law Prac. (2d 15d.) 653-54.
4. West Virginia Rule. — The West Virginia courts evince the same policy, of watching over and jealously guarding the ‘powers of the juries in this respect, and the cases hold that any invasion of the province of the jury, as judges of the facts of a case, by the court, is reversible error. State v. Greer, 22 W. Va. 801; State v. Thompson, 21 W. Va. 741; State v. Hurst, 11 W. Va. 75; Dickeschied v. Wheeling Exch. Bank, 28 W. Va. 341.
The court must not invade the province of the jury by giving any instruction which bears upon the weight of the evidence or the credibility of the witnesses. State v. Kerns, 47 W. Va. —, 34 S. E. Rep. 743; State v. Allen, 45 W. Va. 65, 30 S. E. Rep. 209; State v. Musgrave, 43 W. Va. 672, 28 S. E. Rep. 813; Thompson’s Case, 21 W. Va. 741; State v. Greer, 22 W. Va. 800; State v. Sutfin, 22 W. Va. 771; State v. Perry, 41 W. Va. 641, 24 S. E. Rep. 634.
5. Instances Tliat Bo Not Amount to an Invasion. — The testimony of a witness tending to fix a fraud upon himself, ought not be regarded, and the court should so instruct the jury. Claiborne v. Parrish, 2 Wash. 146.
An instruction by the court that the facts proved are not conclusive evidence, does not amoant to an instruction as to the weight of evidence, because it leaves the whole matter open to the jury. Dabney v. Taliaferro, 4 Rand. 256; Bogle v. Sullivant, 1 Call 561.
Where the plaintiff’s case is clearly made out, and the only question is whether the defendant has made out a good defense; it is not deciding upon the weight of the evidence to instruct the jury upon the assumption of the facts as true, which the evidence tended to prove, if they believe it, that the defense is not sufficient if the instruction itself is correct. Davis v. Miller, 14 Gratt. 1.
Evidence Not Convicting. — An instruction of the court to the jury, that if they believe the evidence (reciting it) in which there is no contrariety (except in a matter in which the court takes that which was given for the defendant to be true) the plaintiff had a right to recover in the action, not speaking of the amount of damages, is not erroneous. It is an instruction on the law, not on the fact. Pleasants v. Pendleton, 6 Rand. 473.
Assitmiition of Trntli. — A motion, to instruct the jury assumed all the facts stated by the subscribing witnesses as true, and asked the court to instruct the jury’that the paper was not proved to be the will of C., according to the statute, should be granted if the facts warrant it, as the instruction doos not ask the court to pass upon the truth of the facts, but upon the law as applicable to them. Green et als. v. Crain ct als., 12 Gratt. 252.
Immaterial Point. — An instruction as to the sufficiency of evidence upon a point which is immaterial, is no error for which the appellate court will reverse the judgment. Pitman v. Breckenridge et al., 3 Gratt. 127.
*407 d, Construction of Written Instruments. —All written instruments are to be construed by the court and not by the jury, and an instruction to the jury to disregard all the parol evidence introduced by the plaintiff to prove his right to the land in controversy not embraced within the boundaries of the deed under which he claims is good. Pasley v. English, 10 Gratt. 236. In Burke v. Lee, 76 Va. 386, the court held that it was no invasion of the province of the jury by the court, to instruct them, that although they believe all the parol evidence of the plaintiff to be true, and giving it its full legal effect, under the will of the testatrix, they must find for the defendants. See also, Davis v. Miller, 14 Gratt. 1; Beach v. O’Riley, 14 W. Va. 55.
In Addington v. Etheridge, 12 Gratt. 436, the court held that when a deed appeared upon its face void as tending to defraud creditors, it was the duty of the lower court to so instruct the jury, saying: ‘‘The question whether the said deed was fraudulent per se or not, was one to be decided by the court on an inspection of said deed, and not proper to be submitted to the jury.”
While it is erroneous to instruct the jury upon the weight of parol testimony, and if so instructed they arc not bound thereby, yet it is the province of the court to construe a written instrument, and the jury are bound to take the construction of the court as correct. Barton’s Law Prac. (2d Ed.) 658. See also, Johnson v. Jennings, 10 Gratt. 11; Washington, etc., R. Co. v. Lacey, 94 Va. 465; (Union Central Life Ins. Co. v. Pollard, 94 Va. 146, 154.
When a question arises, what passes by a written instrument, ii is proper for the court to decide it. Herbert & Wife v. Wise et als., 3 Call 240.
“It is indisputably the province and the duty of the court to construe and instruct the jury as to the legal effect of all written instruments which are the subject of the controversy and the basis of the suit.” Norwich Lock Mfg. Co. v. Hockaday, 89 Va. 557, 562.
The court cannot be called on to instruct the jury to find a verdict for the defendants, although some of the evidence is written testimony. Martin & Jones, Ex’or v. Stover, 2 Call 514.
c. Assumption of Pacts in Issue.- — An instruction which assumes a material fact in issue to be true, is erroneous. Boswell v. Commonwealth, 20 Gratt. 860; Houston v. Commonwealth, 87 Va. 257; Hudgins v. Simon, 94 Va. 665; Va. Mid. R. R. Co. v. White, 84 Va. 498; U. S. M. Acc. Ass. v. Neman, 84 Va. 52; Fishburne et als. v. Engledove, 91 Va. 548; Harrison v. Farmers’ Bank, 4 W. Va. 393; Parkersburg Bank v. Andy Als, 5 W. Va. 50; State v. Robinson, 20 W. Va. 714.
Assumption of JFa.ct — -Harmless Error.— But where the fact assumed in the instruction is clearly and conclusively proven by the evidence, and there is no contradictory evidence, the error will be held haimless, and no ground for reversal. Sheff v. Huntington, 16 W. Va. 307; Rangeley v. Southern R. Co., 95 Va. 719; State v. Dickey, 46 W. Va. 319, 33 S. E. Rep. 231; State v. Douglass, 28 W. Va. 297; State v. Lowe, 21 W. Va. 782; State v. Robinson, 20 W. Va. 713.
HI. ELEMENTS AND STYLE OF INSTRUCTIONS.
si. OUjcet and Ofiiee. — -The office of an instruction is to enlighten the jury as to the law in a case, and not to confuse them, and an instruction which on account of indcliniteness, uncertainty, or indirectness, is likely to mislead the jury, should be refused. Baltimore & Ohio R. Co. v. Polly, Woods & Co., 14 Gratt. 447; Rosenbaums v. Weeden, Johnson & Co., 18 Gratt. 785; Balto., etc., R. Co. v. Lafferty, 2 W. Va. 104; State v. Jones, 20 W. Va. 764; State v. Robinson, 20 W. Va. 714; Reusens v. Lawson, 91 Va. 226; Lewis’ Case, 90 Va. 843; Muscoe’s Case, 86 Va. 443; Shipp’s Case, 86 Va. 746; R. & D. R. Co. v. Pickleseimer, 85 Va. 798.
Says Fauntleroy, J., in Gordon v. City of Richmond, 83 Va., page 442: “The object of instructions is to convey to the minds of the jury correct principles or rules of law applicable to the evidence which is before them. ‘Indeed any instruction calculated to mislead the jury whether it arises from abiguity or any other cause, ought to be avoided; and if given it will oblige the appellate court to reverse the judgment.’ 4 Minor’s Inst., Part 1, 1878, p. 876.”
I). Must Be Limited to the Pleadings.— Where a certain clause of a contract does not appear in the pleadings, it is an error for which the appellant court will reverse the judgment, to instruct the jury as to such clause. Barber v. Wheeling F. & M. Ins. Co., 16 W. Va. 658.
It is not error to refuse to instruct the jury as to the effect of the statute of limitations, where the plea of the statute has been overruled and stricken out by the court, and therefore docs not appear in the pleadings or on the record. Fry v. Leslie, 87 Va. 269.
An instruction which is inappropriate to the offence for which the prisoner is indicted is improper, and should be refused. Commonwealth v. Lucas, 84 Va. 303; Mister’s Case, 79 Va. 5.
c. Must Be Limited to tlie Evidence. — In instructing the jury the court must limit its instructions to the facts brought out by the evidence. Hall v. Commonwealth, 89 Va. 171; Lewis v. Commonwealth, 90 Va. 843; Fire Asso. of Phila. v. Hogwood, 82 Va. 343; Roanoke Nat. Bank v. Hambrick, 82 Va. 135; Bartley v. McKinney, 28 Gratt. 750; Kincheloe v. Tracewells, 11 Gratt. 587; Johnson v. Jennings, 10 Gratt. 1; Palsey v. English, 10 Gratt. 236; Wiley v. Givens, 6 Gratt. 277; Priest v. Whitacre, 78 Va. 151; Birch v. Linton, 78 Va. 584; Rea v. Trotter, 26 Gratt. 585; Moon v. Richmond & A. R. R. Co., 78 Va. 745; Buster v. Wallace, 4 Hen. & M. 82; Bowen v. Flanagan, 84 Va. 313; Richmond, etc., N. Co. v. Yeamans, 86 Va. 860; Norfolk & W. R. Co. v. Burge, 84 Va. 63; Kimball & Fink v. Borden, 95 Va. 207; Richmond Locomotive Works v. Ford, 94 Va. 627; B. & O. R. Co. v. Few’s Ex’or, 94 Va. 82; Seaboard, etc., R. Co. v. Joyner, 92 Va. 354; Burke v. Shaver, 92 Va. 345; Reusch v. Roanoke, etc., 91 Va. 534; Norfolk & W. R. Co. v. Neely, 91 Va. 539; Lewis’ Case, 90 Va. 843; Hodge’s Case, 89 Va. 265; Fields v. Grenils, 89 Va. 606; Hash’s Case, 88 Va. 172; Travelers’ Ins. Co. v. Harvey, 82 Va. 949; Petersburg R. Co. v. Hite, 81 Va. 767; Caton et al. v. Lenox, etc., 5 Rand. 31.
An instruction which in part is not based upon any evidence before the jury is erroneous, and is ground for reversing the judgment. Rea v. Trotter, 26 Gratt. 585.
•1. West Virginia Oases.—Henry v. Davis, 7 W. Va. 715; State v. Poindexter, 23 W. Va. 805; McMechen v. McMechen, 17 W. Va. 683; Oliver v. Ohio River R. Co., 42 W. Va. 703; Winkler v. C. & O. R. Co., 12 W. Va. 699; Storrs v. Feick, 24 W. Va. 606; Lawson v. Dalton, 18 W. Va. 766; Vinal v. Core, 18 W. Va. 1; State v. Greer, 22 W. Va. 801; Moore v. Douglass, 14 W. Va. 708; State v. Dickey, 46 W. Va. 319, 33 S. E. Rep. 231; State v. Cross, 42 W. Va. 253, 24 S. E. Rep. 996; State v. Betsall, 11 W. Va. 703; State v. Belknap, 39 W. Va. 427, 19 S. E. 507.
d. Singling out Portions of tLe Evidence. — Instructions that single out certain facts *408 which a part only of the evidence tends to prove, and gives such facts undue prominence, tend to mislead the jury, and should be refused. New York, etc., R. Co. v. Thomas, 92 Va. 606; Seaboard, etc., R. Co. v. Joyner, 92 Va. 354; Brown v. Rice, 76 Va. 629.
In New York, etc., R. Co. v. Thomas, supra, Riely, J., states the reason of the rule to be as follows: “Calling the special attention of, the jury to a part only of the evidence and the particular fact or facts it may tend to prove, and ignoring the residue of the evidence and the facts it may tend to prove, gives undue prominence to such recited evidence, and disposes the jury to regard it and the fact it tends to prove as the particular evidence, and the fact to be relied on in determining the issue before them, and thus misleads them.” See also, Hash v. Comm., 88 Va. 172; Honesty’s Case, 81 Va. 283; Rea v. Trotter, 26 Gratt. 585; Kimball & Fink v. Borden, 95 Va. 209; New York L. Ins. Co. v. Taliaferro, 95 Va. 525; State v. Morgan, 35 W. Va. 260, 13 S. E. 385.
An instruction which undertakes to set out all the evidence in the case, and omits a portion of it which is material is erroneous. Hash’s Case, 88 Va. 172, 188; Brown v. Rice’s Ex'or, 76 Va. 629.
An instruction based on the engineer’s duty after discovering a person on the track, but completely ignoring his duty to exercise ordinary care to discover such person is erroneous. Va. Mid. R. R. Co. v. White, 84 Va. 498.
e. Must Not Be Ambiguous. — An instruction which is susceptible of two interpretations, one of which is erroneous, and which ma/ therefore mislead the jury should not be given. Virginia Central R. Co. v. Sanger, 15 Gratt. 230; cited and followed in Gas Co. v. Wheeling, 8 W. Va. 371. See also, Gordon v. Richmond, 83 Va. 436; Henry v. Davis, 7 W. Va. 715; Fishburne v. Engledove, 91 Va. 548, 560; Dejarnette’s Case, 75 Va. 867.
£. Must Be Consistent. — An instruction which, is inconsistent, and likely to mislead the jury, should be refused. Hess v. Johnson, 3 W. Va. 645; McMechen v. McMechen, 17 W. Va. 683; Jackson’s Case, 97 Va. 762; Brown’s Case, 86 Va. 466.
g. Must Not Be Contradictory. — Where two instructions are inconsistent with or contradict each other, it is impossible to say whether the jury was controlled by the one or the other. Va. & N. C. Wheel Co. v. Chalkley, 98 Va. —, 5 Va. L. Reg. 763, citing and following Richmond Traction Co. v. Hildebrand, 98 Va. —, 5 Va. L. Reg. 691.
■Says the court* in B. & O. R. Co. v. Lafferty, 2 W. Va. 114: “A party ought not to be heard to complain that the court would not stultify itself, by giving at his instance, instructions, which contradicted each other, and thus confuse, rather than enlighten the jury upon the law of the case. It is certainly a reprehensible practice and condemned by the case, of Lazzell v. Mapel, 1 W. Va. 43.” See Jackson’s Case, 97 Va. 762.
h. Must Not Be Indefinite. — Brown’s Case, 86 Va. 466.
i. Must Not Be Obscure. — The court properly refuses to give an instruction which is so obscurely expressed as to leave in doubt the meaning intended. Levasser v. Washburn, 11 Gratt. 572; Brown’s Case, 86 Va. 466; Dejarnette’s Case, 75 Va. 867; N. & W. R. Co. v. Irvine, 85 Va. 217; Gordon v. City of Richmond, 83 Va. 436; Kincheloe v. Tracewells, 11 Gratt. 587.
j. Must Not Deal in Abstract Questions of Haw. — An instruction wh'cli .is not applicable to the facts in evidence should be refused, although the proposition of law which it states is correct. See authorities gathered under title “Must Be Eimited to the Evidence.” In Norfolk & Western R. Co. v. Burge, 84 Va. 63, Judge Richardson, in sustaining the lower court in refusing the following instruction, “The jury are instructed that the degree of care required of a railroad company is that used by good specialists in the same business,” says, “this instruction was very properly refused. It embodies an altogether abstract proposition, and would shed no light upon the case the jury were sworn to try. It would not have informed the jury either what is meant by a 'good specialist,’ or what degree of care is required of such a person; so that the jury, instead of being aided or enlightened, would have been perplexed by the instruction had it been given.” Quoted and approved in Richmond, etc., R. Co. v. Yeamans, 86 Va. 860. See also, Burke v. Shaver, 92 Va. 345; Easley v. Valley Mutual Life Ass., 91 Va. 161; Hodge’s Case, 89 Va. 265; Richmond City R. Co. v. Scott, 86 Va. 902; Shenandoah & R. R. Co. v. Moose, 83 Va. 827; State v. Thompson, 21 W. Va. 741.
“An instruction is not considered as abstract where-.the - pleadings show that it might apply to the case.” Johnston v. Moorman, 80 Va. 131, 143, citing and following Shelton v. Cocke, 3 Munf. 191.
A new trial will not be granted, on account of the court giving an instruction on an abstract question, where the jury have, asked for such instruction. Whitehurst v. Commonwealth, 79 Va. 556, citing and following Perkins’ Case, 7 Gratt. 651.
k. Instructions Should Be Taken as a Whole. — “The instructions of the court to the jury should be clearly expressed, and the law as to the question in issue clearly and distinctly stated; but where an instruction construed as a whole presents the law to the jury fairly and correctly, in a manner not calculated to mislead them, tne fact that some of its expressions standing alone might be regarded as erroneous or misleading furnishes no ground for reversing the judgment.” The court in Kimball v. Borden, 97 Va. 483.
Although the instructions are not correct in every particular, yet if they as a whole fairly submit to the jury the issues raised by the pleading and evidence, and substantially state the law applicable to the case, so that the jury could not have been misled or the other party prejudiced by them, the judgment of the lower court will not be disturbed. Washington, etc., R. Co. v. Quayle, 95 Va. 749.
The case of Russell Creek Coal Co. v. Wells, 96 Va. 416, goes farther and holds that even if the whole instruction itself was misleading, but if read with other instructions, the objection is removed, then the court did not err in granting it. See also on this subject, Washington, etc., R. Co. v. Lacey, 94 Va. 467; Reynolds v. Richmond, etc., R. Co., 92 Va. 400.
IV. BEQUESTS FOR INSTRUCTIONS.
a. Duty of Court to Give Instructions When Proper, — No question is better settled in Virginia, than that it is the right of the parties to demand, and the imperative duty of the court to give instructions to the jury, upon the law of a case applicable to the evidence. Picket v. Morris, 2 Wash. 255; Austin v. Richardson, 3 Cail 201; Boatright v. Meggs, 4 Munf. 145; Maddox v. Jackson, 4 Munf. 462; Wells v. Washington, 6 Munf. 532; Brooke v. Young, 3 Rand. 106; Dimmett v. Eskridge, 6 Munf. 311; Early v. Garland, 13 Gratt. 9; B. & O. R. Co. v. Polly, Woods & Co., 14 Gratt. 468; B. & O. R. Co. v. Laffertys, 14 Gratt. 486; Hansbrough v. Neal, 94 Va. 722; Washington, etc., R. Co. v. Lacey, 94 Va. 460; Blankenship v. C. & O. R. Co., 94 Va. 449; *409 Hash’s Case, 88 Va. 172; Vaughan v. Commonwealth, 85 Va. 671; Gordon v. City of Richmond, 83 Va. 436.
1>. Weakness of Evidence No Ground for Refusal. — To entitle a party to have an instruction as to the law applicable to the evidence, it is not necessary that there be a great mass of evidence proving a fact, but the slightest evidence will warrant an instruction as to the law on that fact. As expressed by Daniel, J., in Parish & Co. v. Reigle, 11 Gratt. page 719, “If there was any competent and relevant testimony, however slight, tending to show that the upsetting was due to that' fact the defendant in error was entitled to have the law in that particular hypothetically expounded to the jury.” Says LEE, J., in Hopkins v. Richardson, 9 Gratt. page 497, “Where there is such evidence, of however little weight it may appear to be to the court or however inadequate in its opinion, to make out the case supposed, it is best and safest for the court not to refuse to give the instruction asked for, if it propounded the law correctly.”
“When there is any evidence tending to prove a material fact in a case, the party in whose favor it is has the right, without regard to the amount of the evidence, to have the court instruct the jury as to the law arising upon the fact or facts which the evidence tends to prove, and leave them to find whether or not the evidence is sufficient to establish the fact it was introduced to prove.” The court by Riely, J., in New York, etc., R. Co. v. Thomas, 92 Va. 611. See also, Early v. Garland, 13 Gratt. 1; Honesty’s Case, 81 Va. 283; Michie v. Cochran, 93 Va. 641; Reusens v. Lawson, 96 Va. 285; Tyson v. Williamson, 96 Va. 636; C. & O. R. Co. v. Anderson, 93 Va. 657; Fire Ass. v. Hogwood, 82 Va. 342.
“Any evidence tending to prove a fact is sufficient to justify the court in giving an instruction applicable to it, if requested to do so, even though the evidence is so slight as to be insufficient to support a verdict founded upon it.” The .court in Jones v. Morris, 97 Va. 49, citing and following Washington, etc., R. Co. v. Lacey, 94 Va. 460.
1. Contra. — There is dicta in Bloyd v. Pollocks, 27 W. Va. 75, 139, to the contrary, Green, J., delivering the opinion of the court, says: “A number of the instructions asked by the defendants were based upon an hypothesis, which there was no evidence to sustain. All such instructions were properly rejected. Even had there been some evidence tending to support any one of these hypotheses, yet, if the weight of the evidence was so strong against such hypothesis, that the court would have been compelled to grant the plaintiff a new trial on the ground that the verdict was contrary to the weight of the evidence, if the jury had rendered a verdict in favor of the defendants, apparently based on the assumption that the hypothesis was true, yet the court ought to have refused such instruction. For it would be an absurdity on the part of the court after instructing a jury, if they believed certain facts, to find for the defendants, to set aside a verdict for defendants which the jury were induced to find by its own instruction. If therefore the court believes, that the hypothesis, on which an instruction is based, is supported by some evidence, but that the weight of the evidence is so strongly against the hypothesis that the court will set aside a verdict based on the truth of such hypothesis, it ought not to grant any instruction based on such hypothesis.”
c. Absence of Request. — The court has a right to instruct the jury, although neither parties ask for such instructions, and they are objected to. Gwatkins’ Case, 9 Leigh 678.
It is not the custom in Virginia for the court to instruct without being requested, although in England it is usual for the court to do so. 4 Min. Inst. 918. “This court thinks it is the right and duty of a judge sitting in a criminal trial to instruct the jury as to the law.” The court by Christian, J., in Gwatkins’ Case, 9 Leigh 678.
1. No Error to Instruct on Its Own Motion. — “Although it is not the practice in Virginia for the court unasked to charge the jury upon the law of- the case, yet the mere fact that it does so cannot of itself be assigned as error.” Dejarnette’s Case, 75 Va. 867, 877, citing and following Womack v. Circle, 29 Gratt. 192.
The court may, at all times, instruct the jury on any question of law arising in a cause, if, in .is opinion, justice shall require such interposition. Blunts’ Case, 4 Leigh 689.
2. Court Not Obliged to Instruct unless Requested to Do So. — A judge is not obliged to give an instruction unless asked for, and in the absence of any requests for instructions by the parties to the suit, it is not error to allow the case to go to the jury, without instructing them as to the law. Rosenbaums v. Weeden, 18 Gratt. 785; Womack v. Circle, 28 Gratt. 192.
It is not error for a court to omit to instruct the jury that it may punish murder in the first degree with either death or confinement in the penitentiary, unless asked to do so. State v. Cobbs, 40 W. Va. 718, 22 S. E. Rep. 310.
d. Refusal to instruct Generally. — “It has not been the practice in Virginia, as in England, for the courts to charge the jury upon the law of the case, and it is not error to refuse to give such charge, or to refuse to instruct generally upon the law of the case. If either party desire any specific instruction to oe given, he has the right to ask it, and the court is bound to give it, provided it expounds the law correctly upon any evidence before the jury.” The court by Banks, J., in Womack v. Circle, 29 Gratt. page 208.
A court, though asked, is not bound to instruct a jury generally as to the law of the case. Instructions as to specific law points ought to be asked. A court may, without request, if it think the interests of justice and a fair trial call for it, instruct _ a jury in matter of law; but it is not bound to do so unless asked. State v. Cobbs, 40 W. Va. 718, 22 S. E. Rep. 310.
e. Requesting Erroneous Instruction.— Nor can a party by asking for an erroneous instruction, devolve upon the court the duty of charging the jury upon the law of a case. Womack v. Circle, 29 Gratt. 192; Rosenbaums v. Weeden, 18 Gratt. 785. Nor to modify or give another instruction in its place. Rosenbaums v. Weeden, supra; Keen v. Monroe, 75 Va. 429.
1. Must Modify if Refusal Would Mislead Jury. — But if the refusal of such erroneous instruction, would mislead the jury, then the court should modify it, and give it to the jury in its correct form. Rosenbaums v. Weeden, supra; The Baltimore & O. R. Co. v. Polly, Woods & Co., 14 Gratt. 448, 466; Keen v. Monroe, supra.
2. Instances Where Court Properly Refused to Modify. — If a party ask for instructions, on points of fact as well as law, the court is not bound to separate the facts from the law; but may refuse the instruction altogether. Brooke v. Young, 3 Rand. 106; M’Rae v. Scott & Saunders, 4 Rand. 463.
Upon a motion by plaintiff to instruct the jury to disregard all the documentary evidence introduced by the defendant, of which some part is legal and other illegal, the court may properly overrule the motion, *410 without undertaking to state to the jury which is legal or illegal. Kincheloe v. Tracewells, 11 Gratt. 587.
As a general rule, according to the practice in this state, it is not error for the trial court to fail to correct an improper instruction asked and then to give it as corrected. State v. Caddle, 35 W. Va. 73, 12 S. E. Rep. 1098.
.. If one instruction asked embraces two distinct matters, one of which should not, and the other should be given, the court should not reject the whole, but should separate them, and refuse to give the one and give the other. Peshine v. Shepperson, 17 Gratt. 472.
An instruction which states several propositions, and which directs the jury to find for the party offering them, if they find any of the propositions sustained by the evidence, should be refused if one of the propositions is erroneous. Keen’s Ex’or v. Monroe, 75 Va. 424.
3. Equivocal Instructions — Court Should Modify. — If the language of an instruction is equivocal, the court should not refuse to give it, but should give it with' such an explanation of its meaning as to insure its being understood by the jury in its proper sense. Ward v. Churn, 18 Gratt. 816, citing and following B. & O. R. Co. v. Polly, Woods & Co., 14 Gratt. 447; Peshine v. Shepperson, 17 Gratt. 472; Rosenbaums v. Weeden, 18 Gratt. 785. See also, Johnson v. R. & D. R. R. Co., 86 Va. 979; Alexandria Savings Inst. v. McVeigh, 84 Va. 41; Carrico v. W. V. Cent. R. Co., 35 W. Va. 389; Keen v. Monroe, 75 Va 729.
f.When and Where to Be ’Given. — “Instructions may be given either before or after the argument of the case by the counsel, and the practice'in this respect cafinot be said to be fixed or uniform. The jury may, at the court’s own instance or in obedience to the request of counsel and in the sound discretion of the court, be recalled from their room and instructed; but such instruction must, in every case, be given in the presence of the counsel for both sides. The instructions must, in all cases, be given in open court, and the judge should neither communicate with the jury on the subject of the case in writing or by messenger, nor should he go to' their room, even though it be merely for the purpore of informing them that if they should desire any further information on matters of law they should ask him for it.” Barton’s Law Pr. (2d Ed.) 551. See Lewis v. Commonwealth, 78 Va. 732; Williams v. Commonwealth, 85 Va. 609, which cases afford instances of instructions to jury after retirement to consider verdict.
The judge may exercise his discretion as to the time of charging the jury. B. & O. R. R. Co. v. Polly, Woods & Co., 14 Gratt. 458.
It is not too late to request an instruction during the concluding an argument of counsel for plaintiff. Hoge v. Turner, 96 Va. 635.
It is for the judge who tries a cause to determine whether he will give or refuse an instruction asked for, before the argument is commenced or after it is concluded. B. & O. R. R. Co. v. Polly, Woods & Co., 14 Gratt. 447.
The law does not fix any time for instructions. The court may fix it by rule. State v. Cobbs, 40 W. Va. 718, 22 S. E. Rep. 310.
In State v. Cobbs, 40 W. Va. 718, 22 S. E. Rep. 310, it was held that after jury had returned verdict .of murder in. the first degree, it was error for the .court on motion of counsel to refuse to instruct the jury that it was in their discretion to punish the prisoner with death or confinement in the penitentiary fo life
Instructions should never be given until the evidence is all in, unless it be during the examination to warn the jury not to consider certain evidence which may- have been incautiously and improperly admitted. Barton’s Eaw Prac. (2d Ed.) 651.
When a case is submitted to the jury without instructions, as a matter of practice neither parties have a right to demand instructions after the jury has retired. Williams v. Commonwealth, 85 Va. 607. See also, Sterling Organ Co. v. House, 25 W. Va. 65; Jarrett v. Stevens, 36 W. Va. 445; Tully v. Despard, 31 W. Va. 370.
g. Instructions Correct in Themselves Should Be Given as Aslced.—Baltimore & O. R. Co. v. Lafferty, 14 Gratt. 478; Gordon v. Richmond, 83 Va. 436; N. & W. R. R. Co. v. Wysor, 82 Va. 250.
“When a party asks for a .proper instruction, it u the duty of the court to give it substantially as asked for.” The court in B. & O. R. R. Co. v. Polly, Woods & Co., 14 Gratt. 468.
“A party has the right to have his own instructio i given as he offers it, if it clearly and correctly states the law; and is applicable to the facts of the case.” Bertha Zinc Co. v. Martin, 93 Va. page 805, citing and following Rosenbaums v. Weeden, Johnson & Co., 18 Gratt. 799. To the same effect are the W. Va. cases of Jordon v. Benwood; 42 W. Va. 312; State v. Evans, 33 W. Va. 417, 10 S. E. Rep. 792; State v. Kerns, 47 W. Va. 000, 34 S. E. Rep. 734.
h. Substituting Instructions Asked for.— In R. & D. R. R. Co. v. Norment, 84 Va. 167, the court refused to disturb the judgment of the lower court for refusing defendant’s instructions, although correct, where the instructions substituted by the court itself were in substance the same, only more direct and strongly expressed; on the ground that defendant could not possibly have been injured by the refusal and substitution. See also, Simmons & Winch v. McConnell, 86 Va. 498, where it was held, no error to refuse an instruction if the court gives one in its place of the same tenor and effect. Citing and following N. & P. R. R. Co. v. Ormsby, 27 Gratt. 457; Va. Midland R. v. White, 5 S. E. Rep. 573; Central Lunatic Asylum v. Flanagan, 80 Va. 116. See also, Norfolk & W. R. Co v. Marpole, 97 Va. 594; Bertha Zinc Co. v. Martin, 93 Va. 791; Blankenship v. C. & O. R. Co., 94 Va. 458; Proctor v. Spratley, 78 Va. 254.
i« Requesting Instructions on Points Already Covered. — It is not error for the court to refuse instructions, on points which have already been covered by previous instructions.
■ “No court is bound, in the same case, to give two instructions of the same tenor and effect.” The court in R. & D. R. R. Co. v. Burnett, 88 Va. 544.
“The settled rule is that when an instruction is given which covers the entire case, and properly submits it to the jury, it is not error to refuse to give another, even though in point of law it is correct.” The court by Lewis, P., in Ferguson v. Wills, 88 Va. 140, citing and following Central Lunatic Asylum v. Flanagan, 80 Va. 110.
If an instruction states two distinct propositions, one of which is already covered Dy another instruction, the other not based upon any evidence in the case, it is not error to 'refuse the whole instruction. R. & D. R. R. Co. v. Burnett, 88 Va 538. See also, Harman v. Cundiff, 82 Va. 239; Atkinson v. Smith, 24 S. E. Rep. 901; Davidson v. Pittsburg, etc., R. Co., 41 W. Va. 407; State v. Bingham, 42 W. Va. 234; Hoge v. Turner, 96 Va. 624; McDonald v. N. & W. R. Co., 95 Va. 98; Morotock Ins. Co. v. Pan *411 key, 91 Va. 259; Norfolk, etc., R. Co. v. Mills & Fairfax, 91 Va. 613; Taylor v. Commonwealth, 90 Va. 109; Hall’s Case, 89 Va. 171; Simmons & Winch v. McConnell, 86 Va. 494; Virginia Midland R. R. Co. v. White, 84 Va. 498; Travelers’ Ins. Co. v. Harvey, 82 Va. 949; Snouffer v. Hansbrough, 79 Va. 166; Nicholas v. Commonwealth, 91 Va. 741; State v. Staley, 45 W. Va. 792, 32 S. E. Rep. 198; State v. Bingham, 42 W. Va. 234, 24 S. E. Rep. 883.
V. EFFECT QF ERRONEOUS INSTRUCTIONS.
a. Policy of Virariaia Court. — The poliey of the Virginia Couit is well expressed by Keith, P., in Jackson’s Case, 97 Va. 762, “It has been said by this, court that all error is presumed to be prejudicial, and while it has approved verdicts rendered upon erroneous instructions, it does so with great caution, and only where it ‘ clearly appears that no injury could have resulted from the error.”
to. Rule Stated and Cases Cited. — In Wright v. Independence Bank, 96 Va. 732, the court said: “It is unnecessary to consider that assignment of error, for if it were conceded that the action of the court was erroneous, as claimed, it is immaterial, for under the facts of the case, upon correct instructions, a different verdict could not have been rightly found by the jury. And it is the settled rule of this court, recognized and acted upon in numerous cases, not to reverse whore the court can see from the whole record that under correct instructions a different verdict could not have been rightly found, or that the ex-ceptant could not have been prejudiced by the action of the court in giving the instructions given, or in refusing those which were rejected. Richmond Ry. Co. v. Garthright, 92 Va. 627, 839; Brighthope Ry. Co. v. Rogers, 76 Va. 443, 451.” See also to this effect, Preston v. Harvey, 2 H. & M. 55; Colvin v. Mencfee, 11 Gratt. 87; Western U. Tel. Co. v. Reynolds, 77 Va. 173; Snouffer v. Hansbrough, 79 Va. 166; Benn v. Hatcher, 81 Va. 25; B. & O. R. R. Co. v. McKenzie, 81 Va. 71; Payne v. Grant, 81 Va. 164; R. & D. R. R. Co. v. Norment, 84 Va. 167; Preston v. Harvey, 2 H. & M. 55; Commonwealth v. Lucas, 84 Va. 303; Wager v. Barbour, 84 Va. 419; Bernard v. R. F. & P. R. R. Co., 85 Va. 792; Richmond Granite Co. v. Bailey, 92 Va. 554; Vaughan v. Commonwealth, 85 Va. 671; Keesee et als. v. Bank, 77 Va. 129; N. Y. Life Ins. Co. v. Hendren, 24 Gratt. 536.
“It is well settled that if a misdirection or other mistake of the court appear in the record, it must be presumed that it affected the verdict of the .jury, and is therefore a ground for which the judgment must ue reversed, unless it plainly appear from the whole record that the error did not and could not, have affected the verdict.” Kimball & Fink v. Borden, 95 Va. 207, citing 4 Min. Inst. 937; Kincheloe v. Tracewells, 11 Gratt. 587; Danville Bank v. Waddill, 27 Gratt. 448; Edmunds v. Harper, 31 Gratt. 637; Richmond, etc., R. Co. v. Garthright, 92 Va. 627.
When it appears from the record that the granting of an erroneous instruction could not have preju~ diced the piisoner, the appellate court will not reverse the judgment of the lower court. Muscoe’s Case, 87 Va. 460.
The question whether or not certain instructions are correct is immaterial, where the evidence certified, shows that the case is clearly with the winning party. Moore v. City of Richmond, 85 Va. 538, citing and following Colvin v. Mencfee, 11 Gratt. 87.
c. Erroneous Instruction Will Effect a Reversal. — When an appellate court is of opinion that an instruction given by the lower court to the jury, is erroneous, the appellate court cannot undertake to determine that the verdict, notwithstanding the erroneous instruction, is right upon the evidence, and therefore to affirm the judgment. But the judgment must be reversed and the cause remanded for a new trial. Wiley et als. v. Givens et al., 6 Gratt. 277, cited and followed in Rea’s Adm’x v. Trotter & Bro., 26 Gratt. 585, 600.
d. West Virginia Rule. — The rule in both civil and criminal courts is, that when an erroneous instruction has been given to the jury, the presumption is that the exceptor was prejudiced thereby; and the judgment will be reversed for this cause, unless it clearly appears from the record of the case, that the exceptor could not have been prejudiced by the giving of such erroneous instructions, in which case the judgment will not be reversed for said cause. State v. Douglass, 28 W. Va. 303.
e. Misstating' Punishment. — The rule in Virginia is that when by the misstating of the punishment in the instruction, the prisoner is injured, such misstatement is reversible error, but if it is apparent that the prisoner was not injured, the judgment of the lower court will not be disturbed.
Thus in Allen v. Commonwealth, 2 Leigh 727, where the offence for which the prisoner was indicted was punishable by confinement in the penitentiary for not less than one nor more than three years; while the clerk charged the jury that the term of imprisonment was for a period of not less than two or more than three years; and the jury sentenced the prisoner to two years. Judge Fieed in delivering the opinion of the court says: “The charge given by the clerk to the jury was erroneous, and was well calculated to mislead them as to the legal term of imprisonment. It was equivalent to an instruction from the court; it was given by an officer of the court, in the usual course of hís duty, in the presence and hearing of the court; and not having been corrected by the court, must be regarded 'as sanctioned by it. What effect it had does not appear from anything in the record. But it may have induced the jury to agree upon the term of two years for the prisoner’s confinement in the penitentiary, believing that to be the minifmim, when, if they had been correctly informed of the law, they might have ascertained his imprisonment to be one year only.”
In Mitchell’s Case, 75 Va. 856, the clerk instructed the jury that the minimum punishment was three years confinement in the penitentiary and the maximum five years, when in fact the minimum was two years, but the jury brought in a verdict sentencing the prisoner to five years confinement; the appellate court in refusing to reverse the judgment, distinguishes Allen’s Case, supra, as follows: “Now, m the case before us the verdict of the jury fixed the term of imprisonment at five years, which is the maximum term of imprisonment fixed by law, and the maximum 'declared by the charge of the clerk to the jury. It cannot he said in this case, as in Allen’s Case, that the jury was misled by the charge of the clerk, although it was erroneous, and that they might have found a verdict for a different period if they bad been correctly informed of the law. If their verdict had fixed the term of imprisenment at three years, the minimum erroneously charged by the clerk, then all the reasoning of the judge held in Allen’s Case would apply with full force. But the jury fixed upon the maximum period, and that period having been correctly stated in the charge of the clerk, it cannot be said that they were misled. It is plain that if the clerk had also correctly stated the mini *412 mum as well as the maximum period, the verdict would have been precisely the same.
It is impossible to say that the prisoner was in any way prejudiced by the erroneous charge of the clerk, or to conceive in what respect he could have been benefited if the minimum period of punishment had been correctly stated by the clerk. Mitchell’s Case was quoted and approved in Whitlock v. Commonwealth, 89 Va. 337.
f. Rule Stated. — So by the great weight of authority in Virginia, if the appellate court can see from the whole record that the appellant was not injured by the refusal of a correct instruction or the giving of an erroneous one, it will not reverse the judgment of the lower court.
VI. PRACTICE.
a. Counsel Arguing Instructions Wrongly. — Counsel in arguing the case before the jury, refers to an instruction given by the court, and represents it erroneously. It is not error in the* court to interrupt him, and state to the jury the instruction correctly. Coleman v. Commonwealth, 25 Gratt. 865.
lb. Arguing against Instructions. — And where the court has properly refused- an instruction, it was not error to refuse to allow counsel to argue to the jury the manifestly erroneous propositions of law embodied in such instruction. Alleghany Iron Co. v. Teaford, 96 Va. 380; Dejarnette’s Case, 75 Va. 867, 883; Davenport’s Case, 1 Leigh 588.
c. As to Special Verdict. — It is not error for the court to refuse to instruct the jury, after being sworn and before evidence introduced, to render a special verdict. Woodward v. Woodson’s Heirs, 6 Munf. 227.
d. Admitting* Existence of Evidence. — If a party ask for instructions, on certain evidence, he admits the existence of such evidence, and is estopped from afterwards denying the existence of such evidence. Kimball & Fink v. Friend, 95 Va. 136.
e. As to Marked Dines. — It seems to be matter of law, on which the court, if either party require it, should instruct the jury, that a marked line should prevail over one which was never marked. Dogan v. Seekright, 4 H. & M. 125.
f. Correct Instructions Never Work Surprise. — A correct instruction upon a point which the evidence tends to prove can never work a surprise in law. Sexton v. Aultman, 92 Va. 20.
g. Reading Section of Code. — In Miller v. Commonwealth (not officially reported), 21 S. E. Rep. 499, the plaintiff excepted to the action of the lower court in permitting the clerk to charge the jury, by reading a section of the Code. Held, “The act referred to contains the law which fixes the punishment visited upon the prisoner for the • offence charged, and it was properly read to the jury.”
li. Should Specify Points. — A party asking instructions of the court to the jury, should specify the points, and not ask instructions generally as to the law arising out of a complicated mass of evdence. Kitty v. Fitzhugh, 4 Rand. 600.
i. Refusal Not Justified — Instance.—A court cannot be justified in refusing to give an instruction on the ground* that the defendant, in his application, has not stated the evidence given in the cause; or that in the court’s opinion, the said principles of law does not apply to the case, under the circumstances appearing in proof, for this would be undertaking to judge of the weight of evidence, of which the jury are the proper judges. Wells v. Washington’s Adm’x, 6 Munf. 532.
j. Court Not Bound to Reduce Oral Instructions to Writing; Jury Having Retired. — After an oral instruction has been given to the jury without objection, and the jury has retired to consider their verdict, the court is not bound, on the motion of the prisoner, to recall the jury, that the instruction may be reduced to writing; or to send a written instruction to them. Booth’s Case, 4 Gratt. 525.
k. How and When Dissatisfied Party Should Except. — “Where instructions are refused, when they ought to be given, or where, in the opinion of the party against whose interest they operate, they are erroneous, his proper course is to introduce into the record, by means of a bill of exceptions, the circumstances under which the instruction was asked, the instruction itself, and the opinion of the court complained of. Then the appellate court is enabled to review the decision, and to determine upon its correctness.” 4 Min. Inst. (4th Ed.) 920.
If a party be dissatisfied with an instruction, he ought to state his objection at the time. If no objection be made to an instruction at the time it is given, and no exception taken, or the point saved, but objection be-made for the first time; after verdict, and in the form of a motion to set it aside; the court will consider whether, under all the circumstances, the party has been prejudiced by the instruction; and if of opinion that a just verdict has been rendered, according to the law and the evidence, will not set it aside on account of that objection. Bull v. The Commonwealth, 14 Gratt. 613.
l. Remedy of Court When Jury Disregards Instructions. — If the jury in a civil case find against the instructions of the court, the court has no remedy but to grant another trial. Thweal et al. v. Finch, 1 Wash. 217.
VII. ON APPEAL.
a. Must Appear on tlie Record. — Court will not notice instruction not appearing in the record. The appellate court will not consider objections to any instructions not excepted to, and which do not appear on the record. Norfolk v. Johnakin, 94 Va. 285. To the same effect Mitchell’s Case, 93 Va. 775.
1>. Objection Cannot Be Eirst Made in Appellate Court. — A party cannot object to the giving of an instruction for the first time in the appellate court. Richmond & D. R. R. Co. v. Medley, 75 Va. 499; New York, P. & N. R. R. Co. v. Thomas, 92 Va. 772.
c. Instruction Not Appearing in Record, Will Be Presumed to Have Been Correctly Given. — An instruction not appearing in the record will be presumed to have correctly stated the law. Taylor v. Mallory, 96 Va. 30.
“It must be presumed that the court acted correctly in refusing instructions, unless it appears by facts or testimony incorporated in the bill of exceptions that the instructions were relevant or irrelevant to the cause.” Shephard v. McQuilkin, 2 W. Va. 90, cited and followed in State v. Swift, 35 W. Va. 542, 14 S. E. Rep. 135.
d. Bill of Exceptions Must Set out Sufficient Matter. — Where the exception, to the action of the court in giving or refusing instructions, does not set out sufficient matter to show whether such instructions were relevant or not, the appellate court will not undertake to decide whether the lower court erred in giving or refusing them. Valley Mutual L. Ins. Co. v. Teewalt, 79 Va. 421, 427, citing and following Fitzhugh’s Ex’or v. Fitzhugh, 11 Gratt. 301; Harman v. City of Lynchburg, 33 Gratt. 43; Powell v. Tarry’s Adm’r, 77 Va. 260.
*413 In every case where objection is made to an instruction of the lower court, the first point of inquiry is, whether the jury were misled; and this can be determined only by an inspection of the instruction as a whole, taken in connection with the pleadings and the evidence. And if when so construed it appear probable that the jury were not misled, the judgment will not be reversed, although the instructions in some parts may not be strictly correct. Benn v. Hatcher, 81 Va. 25, 31.
If an erroneous instruction be given to a jury by a court, and it appears, by other bills of exceptions, that the question, on which that erroneous instruction was given, did not arise in the cause, the judgment will be affirmed notwithstanding the erroneous instruction. Hunter v. Jones, 6 Rand. 541.
e. Will Presume Jury Followed. — When an instruction is clearly erroneous, the court cannot presume that the jury did not take into consideration such. instruction, but will presume that they did their duty, and followed the instruction. Atlantic & D. R. Co. v. Ironmonger, 95 Va. 633.
f. Will Not Consider Krroneous Instructions Given at Appellant’s Instance. — A judgment for the plaintiff ought not to be reversed, on flic ground that the court at the instance of the defendant gave an erroneous instruction to the jury. Murrell v. Johnson, 1 II. & M. 450.
“A party cannot invite the court to commit error by asking for an erroneous instruction, and be permitted afterwards to have the verdict set aside for the error into which the court has been thus misled.” Home Ins. Co. v. Sibert, 96 Va. 408, citing and following Kimball & Fink v. Friend, 95 Va. 125. See also, B. & O. R. R. Co. v. Few, 94 Va. 82, 89; Richmond Traction Co. v. Hildebrand, 98 Va. —, 5 Va. L. Reg. 691.
The appellate court will not reverse the judgment on account of an erroneous instruction given at the instance of the prisoner, yet it will point it out, in order that the mistake will not occur again. State v. Robinson. 20 W. Va. 713, 744.
g. Instances. — Though verdict be contrary to instructions, yet, if there be no evidence to prove the case supported by them, it will not be set aside. Smith v. Tate, 82 Va. 657.
Instructions are asked by the defendant and refused by the court. As, whether correct or not, plaintiff was entitled to recover upon the evidence in the record, independent of that referred to in the instructions; the refusal to give them is not ground for reversing the judgment. New York L. Ins. Co. v. Hendren, 24 Gratt. 536.
An instruction that makes the defendant’s right to a verdict depend upon two events when either if proved is sufficient to defeat the plaintiff’s recovery, is erroneous. Va. & N. C. Wheel Co. v. Chalkley, 98 Va. —, 5 Va. L. Reg. 763.
An instruction of a court will not be reversed, when it is right in principle, but the reason assigned is erroneous. Easley v. Craddock, 4 Rand. 423.
If an opinion or instruction of the court given on a former trial is relied on before the jury on the second trial by the party in whose favor it was given, without asking for such opinion or instruction from the court, and a verdict and judgment are rendered for him, the appellate court will consider the opinion or instruction so relied on; and if it is erroneous, will reverse the judgment and award a new trial. Crawford v. Morris, 5 Gratt. 90.
VIII. AT SECOND TRIAD.
When an instruction given at the first trial is on appeal pronounced erroneous, it is error for mo court on the second trial to give the same instruction, the evidence being the same. Smith v. Snyder, 82 Va. 614.
Where the appellate, court has decided that certain parol evidence is not sufficient to establish adversary possession, in an action of ejectment, and the cause is remanded for a new trial, in the second trial, the evidence being the same the defendant, the appellant in the appellate court, is entitled to have the jury instructed that they must disregard all the parol evidence of the plaintiff. Pasley v. English, 10 Gratt. 236.
Instructions given at a second trial based on the principles of law decided on the first appeal, cannot be questioned on a second appeal. N. Y. Life Ins. Co. v. Clemmitt, 77 Va. 366.